IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DERRICK DESHAWN WILKERSON,

      Appellant,

v.                                    Case No. 5D13-4074

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 18, 2014

Appeal from the Circuit Court
for Osceola County,
Jon B. Morgan, Judge.

James S. Purdy, Public Defender, and
Edward J. Weiss, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

We affirm on all issues but write to address a scrivener's error in the written

sentencing order.

The court orally pronounced that "as to Count-II, you'll be sentenced to 25 years

in the Florida Department of Corrections, 10 of which is a firearm mandatory/minimum . .

. ." In conflict with the oral pronouncement, the written sentence reflects that a twenty-

year firearm mandatory minimum was imposed on Count II.[1]  The written sentence should be corrected to conform to the oral pronouncement.  Croskey v. State, 71 So. 3d 199 (Fla. 5th DCA 2011) (remanding for correction of erroneous written sentencing order to conform to oral pronouncement; explaining that written order imposing a twenty-year mandatory minimum pursuant to section 775.087(2)(a)2., Florida Statutes (2008), was erroneous where the jury specifically found appellant possessed but did not discharge a firearm and trial judge's oral pronouncement of a ten-year minimum mandatory sentence pursuant to section 775.087(2)(a), Florida Statutes (2008), was correct); see also Douglas v. State, 39 Fla. L. Weekly D1251 (Fla. 1st DCA June 11, 2014) (affirming judgment and sentence but remanding for correction of written sentence to match oral pronouncement).

AFFIRMED; REMANDED for correction of scrivener's error.

TORPY, C.J., SAWAYA and PALMER, JJ., concur.

---

[1] The written sentence not only conflicts with the oral pronouncement but it also conflicts with the jury's verdict finding that "the defendant did actually possess and carry display, use or threaten to use a firearm."  See § 775.087(2)(a), Fla. Stat. (2011) (providing that a defendant who possesses a firearm during the commission of the offense shall be sentenced to a minimum term of imprisonment of ten years).  On Count II, the jury did not find that the defendant discharged the firearm.